UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERWIN CAPUNAY GUZMAN,

                         Petitioner,

v.

WILLIAM P. JOYCE, *in his official capacity as Acting Field Office Director, New York City Field Office, U.S. Immigration & Customs Enforcement*; KRISTI NOEM, *in her official capacity as Secretary, U.S. Department of Homeland Security*, PAMELA BONDI, *in her official capacity as Attorney General, U.S. Department of Justice*,

                         Defendant.

25-CV-4777 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      Shortly before midnight on June 5, 2025, Petitioner Derwin Capunay Guzman filed a petition for a writ of habeas corpus, seeking immediate release from immigration detention (the "Petition"). At the time the Petition was filed, Petitioner was located in the Southern District of New York, *see* Canales Decl. ¶¶ 14–15, ECF No. 10, providing this Court jurisdiction, *see Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Approximately six hours later, before this Court even received notice it was assigned the case, Respondents transferred him to a facility in Louisiana. Canales Decl. ¶ 15. On Monday, June 9, 2025, the Court, believing Petitioner was still in the district, issued an Order to Show Cause that, in relevant part, restrained Respondents from transferring him out of the district pending resolution of the Petition. *See* ECF No. 3. Before the Court is Petitioner's motion to compel Respondents to return him to this district pending the resolution of the Petition. *See* ECF No. 4. Respondents oppose the motion. *See* ECF No. 9.

      Last month, in *Ozturk v. Hyde*, the Second Circuit held that, where a habeas petitioner has been transferred out of the district that has jurisdiction over his petition, the court may order

him returned to the district to "provide [him] ready access to legal . . . services," to "expedite resolution of [the] matter," and to ensure his "ability to participate meaningfully in [his] habeas proceedings." 136 F.4th 382, 402–03 (2d Cir. 2025).  Additionally, a court may order a petitioner's transfer in order to "effectuate" its prior order aimed at preserving the status quo at the time the petition was filed.  *See id.* at 402–03.  Counsel for Petitioner contend that all the above considerations are present here.  The Court agrees and is unpersuaded by Respondents' objections concerning the logistical difficulty of returning Petitioner to this district.  *See id.* at 403.

Accordingly, Respondents are hereby ordered to transfer Petitioner to the Southern District of New York forthwith, and to produce him before this Court at the hearing scheduled for June 17, 2025 at 9:00 a.m. in Courtroom 1506 of the Thurgood Marshall United States Courthouse, 40 Foley Sq., New York, NY 10007.  *See* 28 U.S.C. § 2243 ("[T]he person to whom the writ is directed shall be required to produce at the hearing the body of the person detained."); *Ozturk*, 136 F.4th at 402–03.  No later than 12:00 p.m. on June 16, 2025, Respondents shall submit a letter confirming their compliance with this Order.

SO ORDERED.

Dated:     June 13, 2025
           New York, New York

_____
Ronnie Abrams
United States District Judge