UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DERWIN CAPUNAY GUZMAN,

        Petitioner,

v.

WILLIAM P. JOYCE, *in his official capacity as Acting Field Office Director, New York City Field Office, U.S. Immigration & Customs Enforcement*; KRISTI NOEM, *in her official capacity as Secretary, U.S. Department of Homeland Security*, PAMELA BONDI, *in her official capacity as Attorney General, U.S. Department of Justice*,

        Respondents.

25-CV-4777 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

On June 5, 2025, Petitioner Derwin Capunay Guzman filed a petition for a writ of habeas corpus (the "Petition" or "Pet.") seeking immediate release from immigration detention. *See* ECF No. 1. For the reasons that follow, the Petition is denied, albeit without prejudice.

## BACKGROUND[1]

Petitioner is a Peruvian citizen who arrived in the United States in April 2024. Pet. ¶ 9. On April 24, 2024, he was apprehended near the Mexican border by United States Customs and Border Protection ("CBP") agents. Canales Decl. ¶ 4, ECF No. 10. CBP detained him for two days, Pet. ¶ 9, at which point he was released on his own recognizance pursuant to 8 U.S.C. § 1226(a)(2)(B) and served with a Notice to Appear ("NTA"), which charged him with removability pursuant to the Immigration and Nationality Act ("INA"). Canales Decl. ¶¶ 5–6. The NTA ordered him to appear before an immigration judge ("IJ") in New York on August 25,

---

[1] The following facts are drawn from the Petition and the parties' sworn submissions, and do not appear to be in dispute.

2024. *Id*.

Petitioner filed an application for asylum on March 12, 2025. Pet. ¶ 14. Between August 2024 and May 29, 2025, he attended all scheduled immigration court proceedings, *id.* ¶¶ 12–15, which were carried out pursuant to 8 U.S.C. § 1229(a)—so-called "full removal proceedings." On May 29, 2025, Respondents determined Petitioner to be amenable to expedited removal pursuant to 8 U.S.C. § 1225. Canales Decl. ¶ 11. Accordingly, at an immigration court hearing on May 29, 2025, Immigration and Customs Enforcement ("ICE") moved orally to dismiss the full removal proceedings. *Id.* ¶ 10. The IJ instructed ICE to file a written motion, indicated Petitioner would have an opportunity to respond, and reset the case for June 3, 2025. *Id.*; Pet. ¶ 15–16. Immediately following the immigration court hearing, ICE detained Petitioner pending the resolution of his removal proceedings. Canales Decl. ¶ 11; Pet. ¶ 16. At the immigration court hearing on June 3, 2025, the IJ suggested that Petitioner's counsel file a motion for bond, but none was filed. Canales Decl. ¶ 12.

On June 5, 2025, Petitioner filed the Petition, pursuant to 28 U.S.C. § 2241, in which he contends that Respondents violated his due process rights, the INA, and the Administrative Procedure Act ("APA") by (1) moving to dismiss his full removal proceedings in favor of expedited removal without conducting any individualized assessment; and (2) detaining him without prior notice or a hearing, also without any individualized assessment. He seeks immediate release from immigration detention or, in the alternative, immediate release pending a hearing in which ICE would bear the burden of establishing changed circumstances justifying his re-detention. The Government has opposed the Petition. *See* ECF No. 14. The Court held a hearing on the Petition on June 17, 2025, at which Petitioner was present. At the time the Petition was filed, and to date, the IJ has not ruled on ICE's motion to dismiss, Petitioner remains in full removal

proceedings pursuant to 8 U.S.C. § 1229(a), and he has not filed a motion for bond.

## DISCUSSION

Although "[t]here is no statutory requirement of administrative exhaustion before immigration detention may be challenged in federal court by a writ of habeas corpus," courts generally do require such exhaustion "as a prudential matter." *Paz Nativi v. Shanahan*, No. 16-CV-8496, 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017); *see also J.C.G. v. Genalo*, No. 1:24-CV-08755, 2025 WL 88831, at *4 (S.D.N.Y. Jan. 14, 2025); *Roman v. Decker*, No. 20-CV-3752, 2020 WL 4273823, at *7 (S.D.N.Y. July 24, 2020).[2] This requirement aims to provide the agency with a chance to correct its own errors, "protect[] the authority of administrative agencies," and otherwise conserve judicial resources by "limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.).

Petitioner has failed to exhaust his administrative remedies. First, with respect to his claim concerning ICE's motion to dismiss the removal proceedings, that motion remains pending before the IJ. Pursuant to Department of Homeland Security ("DHS") regulations, removal proceedings may be dismissed only for the reasons enumerated in 8 C.F.R. § 239.2(a), which include, as relevant here, that "[c]ircumstances of the case have changed after the notice to appear was issued to such an extent that continuation is no longer in the best interest of the government." Once jurisdiction over removal proceedings has vested with an IJ, the decision to dismiss the proceedings is not merely a matter of prosecutorial discretion, and instead involves "an informed adjudication by the Immigration Judge or [the Board of Immigration Appeals] based on an evaluation of the factors underlying [ICE]'s motion." *In Re G-N-C*, 22 I. & N. Dec. 281, 284 (BIA

---

[2] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

3

1998). That adjudication has not yet occurred. Second, with respect to Petitioner's detention, the INA and its implementing regulations permit him to file a request for bond in immigration court. *See* 8 U.S.C. § 1226(a)(2)(A); 8 C.F.R. § 236.1(d). He has not done so.

"There are, however, several recognized exceptions to the exhaustion requirement." *Roman*, 2020 WL 4273823, at *7. Specifically, "exhaustion of administrative requirements may not be required when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry*, 329 F.3d at 62. Petitioner has failed to show that any of these exceptions apply in this case.

As to the first and third exceptions, there are, as discussed above, two administrative remedies available to Petitioner that could provide him the relief he seeks: an opposition to ICE's motion to dismiss, and a motion for bond. The fact that the IJ's determination on those motions "could potentially moot [the] habeas petition counsels for the Court to stay its hand until the exhaustion of administrative review in the name of preserving scarce judicial resources and avoiding the possibility of duplicative or conflicting rulings." *Dembele v. Decker*, No. 18-CV-5070, 2018 WL 4960234, at *3 (S.D.N.Y. Oct. 9, 2018); *see also Castillo Lachapel v. Joyce*, 25-CV-4693, ECF No. 12 at 6 (S.D.N.Y. June 16, 2025) ("Because Petitioner's potential bond hearing may provide him with the relief that he seeks—*i.e.*, his release—this Court concludes in the exercise of its discretion that Petitioner must exhaust these avenues before seeking judicial relief."). Nor would appeal be futile. Petitioner provides no reason why the Board of Immigration Appeals could not address his arguments regarding ICE's motion to dismiss. Moreover, his arguments concerning the futility of any bond motion are similarly premature, as he has not yet

4

made a motion for bond. Petitioner is correct that, at bond hearings, IJs generally "plac[e] the burden of proof on noncitizens to demonstrate that they are not a danger to the community or a risk of flight in order to merit release on bond," *J.C.G.*, 2025 WL 88831, at *6; *see In Re Adeniji*, 22 I. & N. Dec. 1102, 1114 (BIA 1999), a practice that numerous courts in this district have held unconstitutional, *see Quintanilla v. Decker*, No. 21-CV-417, 2021 WL 707062 (S.D.N.Y. Feb. 22, 2021) (collecting cases); *see also Velasco Lopez v. Decker*, 978 F.3d 842, 855–56 (2d Cir. 2020). But while courts in this district frequently excuse the exhaustion requirement when an immigration judge has already applied an unconstitutional bond eligibility standard, *see J.C.G.*, 2025 WL 88831, at *6 (collecting cases), "the question of whether [P]etitioner's yet-to-happen bond hearing complies with due process is not before this Court," *Cabral v. Decker*, 331 F. Supp. 3d 255, 263 n.6 (S.D.N.Y. 2018).

The second exception is likewise inapplicable. Petitioner argues that, because his initial detention was unlawful, his continued detention constitutes an irreparable injury. But "[t]he risk of prolonged detention"—as opposed to actual prolonged detention—"does not constitute an irreparable injury that excuses the prudential exhaustion requirement." *Roman*, 2020 WL 4273823, at *8. Indeed, if the possibility of "continued detention were sufficient to excuse exhaustion, exhaustion would always be excused." *Id.*; *see also Paz Nativi*, 2017 WL 281751, at *2.; *Torres v. Decker*, No. 18-CV-10026, 2018 WL 6649609, at *3 n.4 (S.D.N.Y. Dec. 19, 2018).

Finally, the fourth exception similarly does not excuse Petitioner's failure to exhaust his administrative remedies. "The purpose of the exhaustion requirement is to facilitate administrative resolution of issues that might render judicial review unnecessary." *Roman*, 2020 WL 4273823, at *7. Thus, when applying this exception, "courts will endeavor to avoid deciding a constitutional issue if the case might be resolved on a narrower factual basis." *Monterosa v. Decker*, No. 20-

CV-02653, 2020 WL 1847771, at *5 (S.D.N.Y. Apr. 11, 2020). The Court recognizes that a few courts have held that, in certain circumstances, due process requires the government to provide noncitizens with notice and a hearing prior to re-detention. *See, e.g., Lopez v. Sessions*, No. 18-CV-4189, 2018 WL 2932726, at 10–15 (S.D.N.Y. June 12, 2018); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969–970 (N.D. Cal. 2019); *Meza v. Bonnar*, No. 18-CV-02708, 2018 WL 2554572, at *2–3 (N.D. Cal. June 4, 2018). But in each of those cases, the Petitioner had either been detained and denied bond, *see Lopez*, 2018 WL 2932726, at *3, or was at liberty and sought to prevent re-detention absent notice and a hearing, *see Ortega*, 415 F. Supp. 3d at 967; *Meza*, 2018 WL 2554572, at *2, and thus the constitutional issue was unavoidable. Here, by contrast, Petitioner has already been detained but has not been denied bond. Indeed, he has not even sought it. Accordingly, "[b]ecause [P]etitioner's claims can be mooted by the possibility of . . . being released on bond after exhausting his administrative remedies, [he] has failed to show that the fourth exception to the prudential exhaustion requirement applies." *Roman*, 2020 WL 4273823, at *7.

## CONCLUSION

For the reasons stated, Petitioner has failed to exhaust his administrative remedies, or to meet any of the exceptions to the prudential exhaustion requirement. Accordingly, the Petition is denied without prejudice. The Clerk is directed to enter judgment dismissing the Petition, terminate all pending motions, and close this case.

SO ORDERED.

Dated:   June 17, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge

6